**United States District Court**
**District of Massachusetts**

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Criminal Case No.** |
| **LENNY FERNANDO SOTO-MATEO,** | ) | **12-10259-NMG** |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

The one count Indictment charges defendant Lenny Fernando
Soto-Mateo ("defendant") with Unlawful Reentry of a Removed Alien,
in violation of 8 U.S.C. § 1326.

**I.   Background**

In January, 2007, an individual claiming to be Carlos Manuel
Ramos-Trinidad applied for a United States Passport.  The
application was rejected.  After an investigation, the applicant
was identified as defendant.  He was subsequently charged with
False Statements in a Passport Application in violation of 18
U.S.C. § 1542 (Count I), False Claim of Citizenship in violation of
18 U.S.C. § 911 (Count II) and Aggravated Identity Theft in
violation of 18 U.S.C. § 1028A (Count III).  Defendant pled guilty
to all three counts and was sentenced to one month imprisonment on
Counts I and II and 24 months on Count III consecutive to the term
imposed on Count I.

-1-

Following the completion of his sentence, defendant was transferred into the custody of the United States Immigration and Customs Enforcement ("ICE") and removal proceedings ensued. In March, 2009, defendant entered into a stipulated agreement wherein he waived his right to an appearance before an immigration judge, stipulated to voluntary detention and waived his right to appeal the written decision of removal. In April, 2009, defendant was removed to the Dominican Republic.

In October, 2009, defendant was discovered by ICE officials in Louisiana and his prior order of deportation was reinstated. In November, 2009, defendant was charged with illegal reentry of a previously deported alien in violation of 8 U.S.C. § 1326(a) and (b)(1).  Defendant pled guilty in March, 2010, and in July, 2010, was sentenced to 15 months imprisonment. At the completion of his sentence, defendant was again removed to the Dominican Republic.

In February, 2012, defendant was again encountered by ICE officials while in custody in Suffolk County, Massachusetts. In August, 2012, defendant was charged under the pending indictment.

## II.  **Motion to Accept Late Filing**

Defendant moves for leave of Court to file an untimely motion to dismiss the indictment. On January 18, 2013, Magistrate Judge Collings set a deadline for the filing of dispositive motions of February 19, 2013. At a Final Status Conference on February 27, 2013, in response to an oral motion by defendant, Magistrate Judge Collings extended the filing deadline

-2-

until March 6, 2013.  Defendant did not request any further
extension.  Nonetheless, 23 days later, defendant filed the
instant motion requesting permission to file a motion to dismiss.
Despite counsel's blatant disregard for the Court's scheduling
order, so as not to allow counsel's tardiness to prejudice the
right of his client, the Court will allow the motion, but
cautions counsel that any further dilatory conduct with not be
countenanced.

## III. **Motion to Dismiss Indictment**

### A. **Legal Standard**

"In the normal course of events, a facially valid indictment
returned by a duly constituted grand jury calls for a trial on
the merits."  United States v. Stokes, 124 F.3d 39, 44 (1st Cir.
1997).  An indictment is generally sufficient if it

> sketches out the elements of the crime and the nature of
> the charge so that the defendant can prepare a defense
> and plead double jeopardy in any future prosecution for
> the same offense.

United States v. Guerrier, No. 10-2315, 2011 WL 6415042, at *1
(1st Cir. Dec. 22, 2011); see also Hamling v. United States, 418
U.S. 87, 117 (1974).

In contrast to civil actions, an indictment generally is not
subject to dispositive motion practice.  See United States v. Li,
206 F.3d 56, 62 (1st Cir. 2000) (quoting Stokes, 124 F.3d at 44)
("[D]ismissing an indictment is an extraordinary step.").  Indeed,
the First Circuit has observed that a federal court using its

-3-

supervisory power to dismiss an indictment "directly encroaches upon the fundamental role of the grand jury." <u>Whitehouse</u> v. <u>U.S. Dist. Ct. For Dist. Of RI</u>, 53 F.3d 1349, 1360 (1st Cir. 1995). Thus, that power is appropriately reserved for "extremely limited circumstances." <u>Id.</u>

**B.    Analysis**

Defendant moves that the Court dismiss the indictment because his deportation order cannot serve as the basis for a charge of illegal reentry because he was not removable as an aggravated felon at the time of his removal.

Pursuant to 8 U.S.C § 1326(d), a defendant may not collaterally attack a prior deportation order unless he can demonstrate that

> (1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).  A defendant must satisfy all three prongs to successfully attack a removal order. <u>United States</u> v. <u>Luna</u>, 436 F.3d 312, 317 (1st Cir. 2006)

Defendant has failed to satisfy the first prong by not exhausting administrative remedies.  Defendant did not seek to appeal the removal order to the Board of Immigration Appeals ("BIA").  Instead, he explicitly waived his right to appeal in the stipulated agreement.  Furthermore, six days after the order

of removal, defendant independently wrote to an ICE deportation officer and expressed a desire for an expedited removal process. That letter indicates that defendant understood the removal process and did not intend to appeal. United States v. DeLeon, 444 F.3d 41, 50 (1st Cir. 2006)(finding that a request to be deported "as soon as possible" was an explicit waiver of appeal).

Defendant also asserts that he should be granted an exception to the exhaustion requirement because his waiver of the right to appeal was not "knowing and intelligent." Although the First Circuit Court of Appeals has "take[n] no view" as to whether it would create such an exception, even if it were to do so, this Court believes that defendant would be ineligible. Id. Unlike the situation in United States v. Ramos, 623 F. 3d 672 (2010), on which defendant relies, here defendant was advised of his rights in both English and Spanish. DeLeon, 444 F.3d at 51 (citing United States v. Martinez-Rocha, 337 F.3d 566, 569 (6th Cir. 2003)(finding a waiver was knowing and intelligent where defendant "signed a form stating that he did not wish to contest the charges that [were] read to him in both English and Spanish.")) Thus the Court finds that defendant knowingly and intelligently waived his right to appeal and thus has failed to exhaust his administrative remedies.

Because defendant cannot satisfy the first prong necessary to attack his deportation order, he cannot collaterally attack

-5-

his prior deportation order. Furthermore, the Court need not
reach the questions of whether the deportation proceedings
improperly deprived him of the opportunity for judicial review or
whether the entry of the order was fundamentally unfair, although
the Court believes he was not so deprived nor treated unfairly.

**ORDER**

In accordance with the foregoing,

1) Defendant's Motion to Accept Late Filing (Docket No. 49)

is **ALLOWED**,

2) Defendant's Motion for Leave to File Reply (Docket

No. 56) is **ALLOWED**, and

3) Defendant's Motion to Dismiss (Docket No. 50) is **DENIED**.

**So ordered.**

*Nathaniel M. Gorton*

Nathaniel M. Gorton
United States District Judge

Dated June $3$ , 2013

-6-